UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRIME, JUSTICE & AMERICA, INC., a California Corporation; and RAY HRDLICKA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JERRY W. SMITH, in his official capacity as Sheriff of the County of Butte, California,<br><br>Defendant. | No. 2:08-cv-00343-TLN-EFB<br><br>**ORDER** |

This matter is before the court on Plaintiffs' Motion for a Preliminary Injunction. (ECF No. 81.) Defendant has filed an opposition to the motion, (ECF No. 89), and Plaintiffs a reply, (ECF No. 90). Finding that oral argument would not be of material assistance, *see* E.D. Cal. L.R. 230(g), the matter was submitted on the briefs, (ECF No. 92). The Court has carefully considered the arguments presented by both parties. For the reasons set forth below, Plaintiffs' Motion for a Preliminary Injunction is DENIED.

**BACKGROUND**

Plaintiffs are publishers of *Crime, Justice & America* magazine, a quarterly publication with content germane to inmates awaiting trial. The magazine also includes advertisements for

bail bondsmen and criminal-defense attorneys, and it is usually distributed—with cooperation from local jails—to inmates in custody.  In this case, Plaintiffs asked Butte County Jail to distribute their magazine to the inmates, and Butte County Jail officials refused.  Plaintiffs brought this lawsuit in February of 2008 seeking a declaratory judgment affirming their right to distribute their magazine in the Butte County Jail and an injunction enjoining the Butte County Sheriff from prohibiting the distribution of the magazine.  (ECF No. 1.)

On remand from the Ninth Circuit, this Court denied Plaintiffs' motion for entry of judgment on remand, and granted in part and denied in part Plaintiffs' motion for summary judgment, holding genuine disputes of material fact precluded summary judgment on Plaintiffs' First Amendment claims under 42 U.S.C. § 1983.  (ECF No. 79.)  The factual background of this case is set out in greater detail in that order.  (*See generally id.*)

**STANDARD**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  Under Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction to preserve the relative positions of the parties pending a trial on the merits.  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.

Further, the Ninth Circuit has held that the "sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*."  *Alliance for the Wild Rockies*, 632 F.3d 1127, 1134 (9th Cir. 2011).  Under this test, the plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain an injunction; however, if a plaintiff establishes a "balance of hardships tip sharply in the plaintiff's favor" and "serious questions going to the merits," a preliminary injunction may issue on a lesser showing of irreparable injury and that the injunction is in the public interest, so long as the court considers all four factors.  *Id.* at 1135 (citing *Miller v.*

*Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)).  However, the court need not reach the other prongs if the plaintiff cannot as a threshold matter demonstrate at least a "fair chance of success on the merits."  *Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (quoting *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2008)).

## ANALYSIS

Plaintiffs seek an order compelling Defendant, Sheriff of Butte County, to "distribute *Crime, Justice & America* to inmates at Butte County Jail as mailed in and addressed to individual inmates."  (ECF No. 88, at 2:8–10.)  As such, Plaintiffs request a mandatory preliminary injunction.  (Pls.' Reply to Def.'s Opp'n to Mot. for Prelim. Inj. ("Reply") 1:22, ECF No. 90.)  "When a mandatory preliminary injunction is requested, the district court should deny such relief unless the facts and law clearly favor the moving party."  *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994); *accord Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 756 ("[A] mandatory injunction is particularly disfavored.  In general, mandatory injunctions are not granted unless extreme or very serious damage will result[,] and are not issued in doubtful cases.").  Moreover, a district court should also weigh a party's delay in seeking a preliminary injunction in balancing the equities as part of the analysis to decide whether a preliminary injunction should issue.  *W. Watersheds Project v. Salazar*, 692 F.3d 921, 923 (9th Cir. 2012) ("The District Court also properly exercised its discretion in weighing Appellant's delay in seeking a preliminary injunction . . . among the equitable factors.").

Here, Plaintiffs waited to file a motion for a preliminary injunction until after five years of litigation had elapsed and nearly a year after Plaintiffs had filed a motion for entry of judgment on remand and for summary judgment.  (ECF No. 60.)  Moreover, this Court has previously held there exist genuine disputes of material fact whether the Butte County Jail officials had legitimate penological concerns that distributing *Crime, Justice & America* magazine (which contains defense lawyer and bail bondsmen ads) would run afoul of California law prohibiting solicitation of inmates in jails by attorneys and bondsmen.  (ECF No. 79.)  Further, this Court has held there exist genuine disputes of material fact whether the jail's regulations are rationally related to a

legitimate penological interest in prison security, since inmates may be more likely to use unsolicited, unrequested periodicals to clog toilets and windows. *See Prison Legal News v. Cook*, 238 F.3d 1145, 1150 (9th Cir. 2001) ("The only question is whether prison administrators reasonably could have thought the regulation would advance legitimate penological interests."). Although Plaintiffs are correct that the standards on summary judgment and for a preliminary injunction "are not the same," (Reply 1:9–10, ECF No. 90), after review of Plaintiffs' motion and supporting evidence attached therein, the Court finds that Plaintiffs have not demonstrated that "the facts and law clearly favor" their position such that Plaintiffs have established a sufficient likelihood of success on the merits to warrant mandatory injunctive relief. *Stanley*, 13 F.3d at 1320; *see also Pimental*, 670 F.3d at 1111 (holding a court need not reach the other prongs of the *Winter* test if the plaintiff cannot as a threshold matter demonstrate at least a "fair chance of success on the merits"). Moreover, when considered together with Plaintiffs' delay in seeking a preliminary injunction—more than five years since this litigation began and nearly a year after Plaintiffs' motion for summary judgment—Plaintiffs have not "satisfied . . . the heightened standard [the Ninth Circuit] ha[s] adopted with respect to mandatory injunctions." *Park Vill. Apartment Tenants Ass'n*, 636 F.3d at 1161.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for a preliminary injunction (ECF No. 81) is DENIED.

IT IS SO ORDERED

Dated: December 9, 2013

Troy L. Nunley
United States District Judge