UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRIME, JUSTICE & AMERICA, INC., a California Corporation; and RAY HRDLICKA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JERRY W. SMITH, in his official capacity of Sheriff of the County of Butte, California.<br><br>Defendant. | No. 2:08-cv-00343 TLN EFB<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>Trial Date: November 17, 2014<br>Time: 9:00 a.m.<br>Location: Courtroom 26<br>Judge: The Hon. Troy L. Nunley<br><br>Complaint filed: February 13, 2008 |

This matter is before the Court for a pre-trial evidentiary ruling on Plaintiffs Ray Hrdlicka ("Hrdlicka") and his publication Crime, Justice & America's ("CJA") (collectively referred to as "Plaintiffs") and Defendant Jerry W. Smith's ("Defendant") motions in limine.

**I.    FACTUAL BACKGROUND**

Plaintiffs Hrdlicka and his publication CJA brought suit against Defendant, Sheriff of Butte County, California, for denying distribution of CJA at the Butte County Jail. The publication addresses criminal justice topics relevant to jail inmates. It also contains advertisements for bail bond agents and lawyers. CJA is currently distributed in 32 county jails in California.

CJA delivers unsolicited magazines to jails through bulk distribution or direct mailings to inmates. The Butte County Sheriff's Department, in conjunction with Butte County Counsel Brad Stephens ("Stephens"), denied distribution of the CJA in its jail on the basis of a California law prohibiting distribution of unsolicited commercial mail to inmates.

On February 5, 2008, Plaintiffs filed a § 1983 suit for injunctive relief against the Butte County Sheriff. Plaintiffs alleged the jail's refusal to distribute the publication violated their First Amendment rights. The Court granted summary judgment to Defendant. (ECF No. 45.) On January 31, 2011, the Ninth Circuit reversed the district court's order granting summary judgment to Defendant, and held that Plaintiffs have a First Amendment interest in distributing, and inmates have a First Amendment interest in receiving, unsolicited publications. (ECF No. 51.) This case was reassigned to the undersigned on April 3, 2013. (ECF No. 77.) This matter is now before the Court on the parties' motions in limine.

## II.   ANALYSIS OF PLAINTIFFS' MOTIONS

### a.   Motion to Exclude Gary Cohen Declarations and Testimony

Plaintiffs move to exclude Gary Cohen's 2005 declarations and testimony regarding his opinion as to whether CJA's advertisements violate California regulations because Plaintiffs aver that they are: 1) irrelevant and 2) constitute expert testimony. (Pls. Mot. in Limine, ECF No. 98.) Defendant argues that the evidence is relevant to the jail's continued policy of refusing distribution of the publication from 2004–2007. (Def.'s Opp'n., ECF No. 100 at 2.)  Defendant further argues that the evidence is not being offered as expert testimony, but instead to show that Mr. Cohen issued the opinions in his declarations for another case and that Butte County Counsel Stephens relied on them. (ECF NO. 100 2–4.)

The Court is not persuaded by Plaintiffs' proffered reasons. The evidence goes to show the reasonableness of Defendant's belief that Plaintiffs' publication violated California law. Fed. R. Evid. 401. Though Defendant implemented the policy at Butte County Jail in 2004, before the 2005 declarations, the reasoning behind the jail's continued refusal to distribute CJA from 2004-2007 is relevant.

As to Plaintiffs' second assertion, Defendant is not offering Mr. Cohen's declarations and

testimony to prove that CJA's advertisements violate California's regulations. Defendant offers the evidence to show that Mr. Cohen issued the opinions in his declarations for another case and that Butte County Counsel Stephens[1] relied on them. Thus, the declarations and testimony do not constitute expert evidence. Expert evidence pursuant to Rule 702 of the Federal Rules of Evidence is scientific, technical, or other specialized information that "will help the trier of fact to understand the evidence or to determine a fact in issue." As such, Plaintiffs' motion to exclude the declarations and testimony of Gary Cohen is DENIED. *See Scott v. Ross*, 140 F.3d 1275, 1286 (9th Cir. 1998).

### b. Motion to Exclude "CJA Advertisement Promotions"

Plaintiffs move to exclude "CJA Advertisement Promotions" on Defendant's Exhibit List because Plaintiffs do not know which documents Defendant refers to. In Defendant's opposition (ECF No. 100), Defendant clarifies that the exhibit in question was in fact previously produced by Plaintiffs in response to Defendant's Request for Production of Documents. (ECF No. 29-8 at 2.) Thus, Plaintiffs' argument for excluding this document is unavailing and the motion is DENIED.

In their motion, Plaintiffs also mention "rebate promotional materials" they would like excluded on grounds of relevance. The Court will DEFER ruling on Plaintiffs' motion to exclude the 2004 "rebate promotional materials." (ECF No. 29-9 at 7.) If Defendant considered the rebate materials in formulating its decision to ban distribution of CJA in Butte County Jail, the evidence may be relevant. *See* Fed. R. Evid. 401. The Court is unable, however, to determine their relevance at this juncture.

### III. ANALYSIS OF DEFENDANT'S MOTIONS

### a. Motion to Preclude Alleged "Threats" by Defendant County Counsel

Defendant moved this Court to preclude Plaintiffs from characterizing statements made by Stephens to Hrdlicka as "threats." Subsequently, Plaintiffs agreed not to characterize the conversations Stephens had with Hrdlicka as "threats," or state that Hrdlicka felt "threatened." (ECF No. 101 at 2.) Therefore, Defendant's motion is GRANTED. However, Plaintiffs may present testimony of what Mr. Stephens said, Mr. Stephens' demeanor, and the tenor of his

---

[1] Defendant disclosed Mr. Stephens as both an expert and percipient witness.

1  conversations with Plaintiff, so long as it conforms to the Federal Rules of Evidence.

2  **b. Motion to Preclude Plaintiffs From Presenting Evidence of Monetary**
3  **Damages**

4  Defendant moves to exclude Plaintiffs' evidence concerning monetary damages in Butte
5  County, and other counties, on grounds that Plaintiffs: 1) produced no evidence of damages; 2)
6  have no expert testifying on damages; and 3) that damages are speculative.  For the reasons
7  below, Defendant's motion to exclude Plaintiffs' evidence in their request for monetary damages
8  is GRANTED IN PART and DENIED IN PART.

9  The Court is unpersuaded by Defendant's argument that the evidence should be excluded
10 because Plaintiffs produced no evidence of damages during discovery.  Plaintiffs offer Hrdlicka's
11 testimony as evidence of lost profits in this case.

12 Additionally, Hrdlicka does not need to be designated an expert in order to testify.  A
13 nonexpert witness may give an opinion on the value of his own property or services.  *See San*
14 *Diego Land & Town Co. v. Neale*, 78 Cal. 63, 76–77 (1888).  A witness may testify to this value
15 without showing any special qualifications.  *Naples Rest., Inc. v. Coberly Ford*, 259 Cal. App. 2d
16 881, 884 (1968).  However, evidence for a lost profits award must show the occurrence and the
17 extent of lost profits with reasonable certainty.  *Sanchez-Corea v. Bank of Am.*, 38 Cal. 3d 892,
18 907 (1985).  When the fact of damages is certain, a reasonable basis of computation can be used
19 to reach a reasonable approximation.  *Acree v. Gen. Motors Acceptance Corp.*, 92 Cal. App. 4th
20 385, 398 (2001).

21 As Hrdlicka is the owner and publisher of the CJA with intimate knowledge of his
22 publication's revenue, he may testify as a nonexpert on the numbers he produced for this case.
23 Should Mr. Hrdlicka be able to present evidence of and reasonably compute damages in Butte
24 County, such testimony would be admissible.  Thus, Defendant's motion to exclude evidence of
25 monetary damages in Butte County is DENIED.

26 However, Hrdlicka's testimony will not be able to push other counties' damages past the
27 point of speculation.  Damages must be based on something more than pure speculation or
28 surmise.  *Commercial Union Assur. Co. v. Pac. Gas & Elec. Co.*, 220 Cal. 515, 523 (1934).  The

mere possibility that damage will result from wrongful conduct is insufficient for recovery. *Ferguson v. Lieff, Cabraser, Heimann & Bernstein*, 30 Cal. 4th 1037, 1048 (2003).  The Court finds that showing damages in counties that allegedly denied distribution of the CJA as a result of the litigation in Butte is too speculative.  Hrdlicka's testimony would require the fact finder to engage in a series of assumptions about the counties that denied CJA distribution.  Therefore, evidence on monetary damages incurred in counties other than Butte is excluded, and Defendant's motion is GRANTED.

### c. Motion to Preclude Introduction of Correspondence From Inmates

Defendant moves to exclude Plaintiffs' letters from inmates on grounds of 1) authentication; 2) hearsay; 3) relevance; 4) undue prejudice; and 5) redundancy.  The Court is inclined to agree with Defendant's objections.  Though the letters are highly relevant and highly probative, the letters are hearsay without exception.  *See* Fed. R. Evid. 801(c).  Issues in this case include whether distribution of CJA would cause inmates to engage in nefarious actions, and whether CJA would increase the improper use of paper by inmates.  Since the inmates address these issues in their letters, and Plaintiffs would use these letters to prove the truth of the matter asserted, the letters are hearsay.  This motion is thus GRANTED.  Should Plaintiffs proffer a valid hearsay exception for offering such evidence at trial, the Court would be inclined to reconsider its ruling.

### d. Motion to Exclude Expert Testimony

Defendant moves this Court to exclude the testimony of Plaintiffs' witnesses Kenneth Kerle, Richard Lichten, and Daniel Vasquez on the grounds that they are expert witnesses and offer expert testimony.  Defendant argues Plaintiffs did not disclose these witnesses as experts and thus prejudiced Defendant in preparation for trial.  The Court is inclined to agree, and thus GRANTS Defendant's motion to exclude Plaintiffs' expert testimony.

Plaintiffs did not disclose any expert witnesses as required by Federal Rules of Civil Procedure 26(a)(2).  They instead present three witnesses as lay witnesses.  A lay opinion is rationally based on the witness's perception and not based on scientific, technical, or other specialized knowledge.  Fed. R. Evid. 701(a),(c).  An expert opinion, on the other hand, is based

5

1  on the witness's specialized knowledge, and helps the trier of fact understand the evidence or
2  determine a fact at issue.  Fed. R. Evid. 702(a).  Plaintiffs concede their witnesses are being
3  offered for their extensive knowledge and backgrounds in law enforcement to conclude that CJA
4  does not pose a security risk to jails.  (ECF No. 96 at 17.)  Thus, these witnesses are expert
5  witnesses who employ specialized knowledge in their testimony.  Specifically, Kenneth Kerle and
6  Daniel Vasquez have never observed CJA circulating in jails.  They do not have personal
7  knowledge of its effects on jail security.  They simply base their opinions on a review of the
8  publication.  (ECF No. 84 at 2–3; ECF No. 86 at 3–4.)  Consequently, Defendant's motion to
9  exclude plaintiffs' expert testimony is GRANTED pursuant to Federal Rules of Evidence 403
10 considerations. However, because Richard Lichten observed the publication circulating in a Los
11 Angeles County jail (ECF No. 85 at 3), Mr. Lichten is not precluded from testifying as to his
12 personal observations.  *See* Fed. R. Evid. 701.

### e. **Motion to Preclude Introduction of Ninth Circuit Ruling**

14 Defendant moves the Court to exclude the Ninth Circuit's opinion issued in this case on
15 grounds of: 1) relevance; 2) prejudice; and 3) confusion.  The ruling is relevant because it defines
16 the issues in this case.  However, it is the Court's job to inform the jury as to the law to be applied
17 in this case.  Thus, the Court will explain the limited issues and rule of law from the Ninth Circuit
18 ruling to prevent prejudice or confusion.  (ECF No. 51.)  As such, Defendant's motion to exclude
19 the Ninth Circuit ruling is GRANTED IN PART and DENIED IN PART.

### f. **Motion to Exclude Introduction of California Department of Insurance Commissioner's Opinion**

22 Defendant moves the Court to exclude a December 2001 California Department of
23 Insurance Commissioner's Opinion on grounds of: 1) relevance; 2) confusion; and 3) hearsay.
24 Defendant argues this opinion which deals with the legality of signboard advertisements has no
25 bearing on this case.
26 At issue in this case is whether Defendant had a reasonable belief that the advertisements
27 in CJA violated California regulations prohibiting "solicitation" in jails.  The 2001 Opinion,
28 though about signboards instead of publications, outlines the difference between "passive"

6

advertising and "solicitations."  (ECF No. 39-2.)  Since it suggests that "passive" advertising in jails does not violate California regulations, it is relevant to the reasonableness of Defendant's policy.  This is especially true in light of Plaintiffs' allegation that they presented the Opinion to Defendant when seeking distribution of the CJA in Butte County Jail.

The Court is not persuaded that this Opinion is confusing simply because it refers to signboards instead of publications.  The relevance of the Opinion to the case is outlined above.  Its probative value outweighs any potential for confusion.  *See* Fed. R. Evid. 403.  Moreover, this Opinion is not hearsay because it is not being used for the truth of the matter asserted.  As such, Defendant's motion to exclude this Opinion is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.) Plaintiffs' motion in limine is DENIED IN PART and DEFERRED IN PART.  (ECF No. 98.)
   a. Plaintiffs' motion to exclude Gary Cohen's declarations and testimony is DENIED.
   b. Plaintiffs' motion to exclude "CJA Advertisement Promotions" is DENIED.
   c. Plaintiffs' motion to exclude CJA "rebate promotional materials" is DEFERRED.
2.) Defendant's motion in limine is GRANTED IN PART and DENIED IN PART.  (ECF No. 97.)
   a. Defendant's motion to preclude Plaintiffs from characterizing statements made by Stephens to Hrdlicka as "threats," or that Hrdlicka felt "threatened," is GRANTED.
   b. Defendant's motion to exclude Plaintiffs' evidence concerning monetary damages is GRANTED IN PART and DENIED IN PART.
   c. Defendant's motion to exclude Plaintiffs' inmate letters is GRANTED.
   d. Defendant's motion to exclude Plaintiffs' expert testimony is GRANTED.
   e. Defendant's motion to exclude the Ninth Circuit ruling is GRANTED IN PART and DENIED IN PART.

   f. Defendant's motion to exclude a 2001 California Department of Insurance Commissioner's Opinion is DENIED.

   IT IS SO ORDERED.

Dated:  October 2, 2014

_____
Troy L. Nunley
United States District Judge