UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRIME, JUSTICE & AMERICA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KORY HONEA, in his official capacity of Sheriff of the county of Butte, California,<br><br>Defendant. | No. 2:08-cv-00343-TLN-EFB<br><br><br>**ORDER** |

This motion is before the Court pursuant to Plaintiff Crime, Justice & America, Inc.'s ("Plaintiff") Motion for an Order Indicating Willingness to Entertain Motion to Re-Open Discovery, or in the alternative Motion for Relief from Judgment and Motion to Re-Open Discovery. (ECF No. 150.) Defendant filed an opposition to Plaintiff's motion. (ECF No. 151.) Plaintiff filed a reply. (ECF No. 152.) Having carefully considered the briefing by both parties, the Court hereby DENIES Plaintiff's Motion (ECF No. 150).

Plaintiff seeks relief from judgment under Federal Rule of Civil Procedure ("Rule") 60(b)(2) on the grounds of newly discovered evidence. Relief from judgment on the basis of newly

1

1  discovered evidence will be granted when: (1) the moving party can show the evidence is in fact
2  newly discovered evidence under Rule 60(b); (2) the moving party exercises due diligence to
3  discover the evidence; and (3) the newly discovered evidence would likely change the disposition
4  of the case. *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir.
5  1987). Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's
6  possession before the judgment was rendered. *Coastal Transfer Co.*, 833 F.2d at 212 (citing
7  *Engelhard Industries, Inc., v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963),
8  *cert. denied*, 377 U.S. 923 (1964); accord *Area Transportation Authority v. Missouri*, 640 F.2d
9  173, 175 (8th Cir. 1981)).

10       Here, Plaintiff fails to meet its burden of demonstrating the existence of newly discovered
11  evidence. A bench trial in this matter concluded on November 20, 2014, and the Court entered
12  judgment on May 29, 2015. Plaintiff asserts that the "continuous availability of the CJA on
13  County jail kiosks" which was made known to it through an inmate letter dated September 2015
14  constitutes new evidence. (ECF No. 150 at 14.) However, Plaintiff has admitted that it received
15  three other letters from inmates requesting material and stating the inmates learned of CJA from
16  the jail kiosks. (ECF No. 150 at 10 ("at the time of the Court's ruling, CJA had only received the
17  letters dated December 30, 2014, February 5, 2015, and April 24, 2015.").) Plaintiff further
18  admits that the September 2015 letter contained the same statement —that the inmate learned
19  about CJA from jail kiosks—as the December 30, 2014, February 5, 2015, and April 24, 2015
20  letters. Therefore, by its own admission, Plaintiff did not gain any new information from the
21  letter received after judgment. Moreover, the issue of jail kiosks was discussed at length during
22  the trial and was considered in this Court's ruling. Therefore, Plaintiff cannot show the existence
23  of newly discovered evidence within the meaning of Rule 60(b) because Plaintiff knew of the
24  existence of the CJA icon on the kiosks during trial and the evidence in the letters was within
25  Plaintiff's possession prior to judgment. The Court does not look to the remaining factors as
26  Plaintiff does not satisfy the first one.[1]

---

27  [1]  The Court notes that even if Plaintiff met the first factor, Plaintiff cannot show that the existence of the
28  September 2015 letter would be outcome determinative. For example, Plaintiff argues that the continuous
    availability of the CJA icon was only determined by the receipt of the September 2015 letter. Plaintiff states it

1   Furthermore, Plaintiff fails to meet its burden for relief under Rule 60(b)(5) and Rule 60

2 (b)(6) because the arguments it presents are devoid of any analysis or support.  Accordingly,

3 Plaintiff's Motion (ECF No. 150) is hereby DENIED.

4   IT IS SO ORDERED.

6 Dated: October 28, 2016

Troy L. Nunley
United States District Judge

---

believed the other three letters "resulted from periodic testing of the machine's software by County." (ECF No. 150 at 14.) Plaintiff's statement is disingenuous and goes against the weight of the evidence presented at trial because no argument was presented suggesting the icon was not continuously available.